[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] Upon motion, this court has consolidated the appeal numbered C-030795 with the appeal numbered C-030081.
 JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
{¶ 2} Defendant-appellant William D. Boyles appeals his convictions in the case numbered B-0207743 for involuntary manslaughter, with a specification, in violation of R.C. 2903.04(A), and two counts of having a weapon while under disability, in violation of R.C. 2923.13(A)(2). Boyles was sentenced pursuant to a plea agreement to ten years' incarceration for involuntary manslaughter, and to a consecutive three-year term of incarceration for the specification, as well as to concurrent one-year terms of incarceration for each of the weapon-under-disability offenses.
{¶ 3} Boyles further appeals his convictions in the case numbered B-0204608 for aggravated burglary, in violation of R.C. 2911.11(A)(2), and domestic violence, in violation of R.C. 2919.25(A). Boyles was sentenced pursuant to a plea agreement to ten years' incarceration for aggravated burglary, and to one year's incarceration for domestic violence.
{¶ 4} Pursuant to Anders v. California,[2] Boyles's appointed appellate counsel has advised this court that, after a thorough review of the record, he can find nothing that would arguably support Boyles's appeal. Counsel acknowledges that Boyles has communicated the following to him: (1) Boyles denies any involvement in the death of Sara Ridder; (2) Boyles's trial counsel lied to him to get him to accept a plea bargain; and (3) the prosecutor lied regarding child- visitation rights and other parental rights in order to induce the plea. Despite Boyles's allegations, appellate counsel adheres to his conclusion that there is nothing to support Boyles's appeal, and he has moved this court for permission to withdraw as counsel.[3]
{¶ 5} Counsel has requested that this court independently examine the record to determine whether the appeal is wholly frivolous.[4]
Based on our review of the record, we hold that, despite Boyles's allegations, it is devoid of prejudicial error. In the case numbered B-0207743, in exchange for Boyles's guilty plea, the state amended an original charge of complicity to aggravated murder to one of involuntary manslaughter and dismissed a second charge of complicity to aggravated murder. In the case numbered B-0204608, in exchange for Boyles's guilty plea, the state dismissed charges of burglary, aggravated burglary, and felonious assault. In both cases, the state and Boyles agreed to a recommended sentence, which was imposed by the trial court. Our review of the record reveals no deficiencies in the voluntariness of Boyles's guilty pleas. Because there are no grounds to support a meritorious appeal, the judgment of the trial court is affirmed, and appellate counsel's motion to withdraw is overruled.
{¶ 6} Although we conclude that this appeal is frivolous under App.R. 23 and has no "reasonable cause" under R.C. 2505.35, we refrain from taxing costs and expenses against Boyles because he is indigent.
{¶ 7} Therefore, the judgment of the trial court is affirmed.
{¶ 8} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Winkler, JJ.
[2] (1967), 386 U.S. 738, 87 S.Ct. 1396.
[3] See Anders, supra, at 744.
[4] See Anders, supra; see, also, Freels v. Hills (C.A. 6, 1988),843 F.2d 958.